1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    KELLIS LLOYD TRUMAN,                    Case No.  25-cv-06375-TLT

8                 Plaintiff,

9          v.                               **ORDER OF DISMISSAL**

10   EDWARD BORLA, et al.,

11               Defendants.

12

13        On July 30, 2025, the Court received a *pro se* civil rights complaint from plaintiff via

14   postal mail. Dkt. No. 7. The Court informed plaintiff that, pursuant to the Northern District of

15   California's General Order No. 76 (GO 76), prisoners within the custody of the California

16   Department of Corrections and Rehabilitations (CDCR) at Correctional Training Facility are

17   required to submit to the Court case-initiating documents for civil rights cases via electronic mail.

18   *Id.* The Court also informed plaintiff that this action was deficient because he had not submitted an

19   *in forma pauperis* (IFP) application or paid the filing fee. Dkt. No. 6. Plaintiff submitted an IFP

20   application via electronic mail. Dkt. No. 10. But he did not resubmit his complaint by electronic

21   mail.

22        On September 19, 2025, the Court *sua sponte* granted plaintiff an extension of time until

23   October 15 to resubmit his complaint by electronic mail and provided him a copy of his complaint

24   as a courtesy. Dkt. No. 15. The Court warned plaintiff: "If he does not do so, the case will be

25   dismissed without prejudice under Federal Rule of Civil Procedure 41(b)." Plaintiff has not

26   complied with GO 76 by re-filing his complaint electronically, nor has he filed a motion to seek

27

28

United States District Court
Northern District of California

the Court's permission to file it by mail. The case is therefore dismissed without prejudice.[1]

The Clerk shall terminate any pending motions, enter judgment for defendants, and close the file.

**IT IS SO ORDERED.**

Dated: December 3, 2025

_____
TRINA L. THOMPSON
United States District Judge

---

[1] Plaintiff did file by electronic mail a "Motion for Preliminary Injunction to Preserve Status Quo Pending Trial." Dkt. No. 17. This motion is premature, as the defendant has not been served in this case nor provided notice as required for a preliminary injunction by Federal Rule of Civil Procedure 65. Further, the motion appears identical to motions filed in many of the cases related to Case No. 25-cv-02820-TLT and does not appear to contain any information specific to plaintiff himself. Plaintiff has not shown a likelihood of success on the merits, that irreparable harm is likely to occur if the injunction is not granted, that the balance of equities tips in his favor, or that an injunction would serve the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

United States District Court
Northern District of California